IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

MICHAEL A. NIEMAN,
T.M.N and N.D.F.,

                Plaintiffs,                    OPINION & ORDER

   v.

                                                    12-cv-501-wmc

PORTAGE COUNTY HEALTH
AND HUMAN SERVICES et al.,

                Defendants.
_____

Plaintiff Michael Anthony Nieman has filed a complaint *pro se* against numerous officials from Portage County and Stevens Point. Though Nieman has paid his filing fee, his complaint must be dismissed because this court has no jurisdictional basis to consider his claims for relief.

## ALLEGATIONS[1]

Michael Anthony Nieman is a resident of Stevens Point, Wisconsin. On behalf of himself and purportedly two of his children identified only by their initials, Nieman sues various current and former officials of Portage County and Stevens Point, including defendants from Portage County Health and Human Services, the Portage County Sheriff's Department, the Stevens Point Police Department, and others.

Nieman alleges that: (1) since 1999, he has made numerous reports of drug abuse and neglect regarding his daughter; and (2) in 2005, he contacted various social workers, officers, and other officials regarding a murder that took place in Stevens Point because the

---

[1] Plaintiff's pleadings are disjointed and difficult to follow. As a result, the following is a summary of those allegations the court could reasonably discern, construing them generously and in favor of plaintiffs.

person convicted of the crime was contacting his children's mother from jail. Nieman further alleges that the County failed to complete an investigation, while providing his children's mother with "welfare assistance to aid in drug related behavior." As a result of the mother's drug use, abuse and neglect, he alleges that his son attempted suicide in February of 2011 and that "false reports are being created." Apparently, both of Nieman's children have since been removed from their mother's care and placed with their maternal grandparents, so that their mother no longer participates in their lives, but Nieman alleges that the suicide attempt will have serious repercussions on his son's future and that he "fear[s] further negative reactions from the people responsible." Since 2006, Nieman also alleges that his children's mother has made it impossible for him to see his children in violation of a court order.

In an apparently separate course of events, Nieman alleges that the City of Stevens Point illegally sold two Amtrak railroad cars, although Nieman informed the City that it had no right to do so. His pleadings indicate that a lawsuit based on that conduct was settled in April of 2011, but that the City of Stevens Point lost out on using the cars in a way that could have been "beneficial to the community." Nieman further alleges that he had to "confidentially track down the parts and pieces of the railcars in more than one state" and that neither the city nor the county has admitted they were wrong to "involve any company in an illegal sale."

In yet another factually-distinct set of allegations, Nieman alleges that he was working as a paid informant for number of state agencies in 1995 and would have been a fish and wildlife warden but for "others employed by Law enforcement offices which have

2

motive for v[i]ndictive actions against [him]." He further alleges that a former prosecutor was aware of his undercover work, but that his record was "never rectified."

Finally, Nieman alleges generally that the Sheriff's Department has taken information from people claiming to be his wife and used it against him. This resulted in what Nieman alleges was both a "severe failure to protect" and a "failure to detect as well."

Nieman seeks a total of $11,600,000 in damages, as well as (1) dismissal of all charges against him since 2005 and (2) the expungement of his second conviction for driving under the influence of an intoxicant.

OPINION

Although plaintiff paid the filing fee for this case, a district court may conduct limited screening and dismiss a fee-paid complaint *sua sponte* if it appears the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)); *see also Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (holding that "district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee, just as the Court of Appeals may dismiss frivolous matters in like circumstances"). In screening any *pro se* litigant's complaint, the court must construe the claims generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this liberal standard, however, *sua sponte* dismissal is appropriate where claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple*, 183 F.3d at 480.

As a preliminary matter, Nieman alleges no facts suggesting that he has standing to bring a number of his claims. Under 28 U.S.C. § 1654, "in all courts of the United States the parties may plead and conduct their own cases personally or by counsel." As a result, "[n]ormally, representative parties . . . may not conduct litigation *pro se*; pleadings may be brought before the court only by parties or their attorney." *Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010). At the same time, a "next friend may not, without the assistance of counsel, bring suit on behalf of a minor party." *Id.*; *see also Cheung v. Youth Orchestra Found. Of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child."). Therefore, although Nieman names his children as plaintiffs, he has no right to bring a lawsuit on their behalf.

Given the rule that a litigant may not sue *pro se* on behalf of representative parties, most of Nieman's claims fail for lack of standing. Article III of the United States Constitution limits the exercise of federal judicial power to the resolution of actual "cases and controversies." *See* U.S. Const. art. III, § 2. To meet the case-or-controversy requirement, a plaintiff must have standing. An essential element of standing requires a plaintiff to demonstrate that he has personally suffered an "injury in fact," meaning an impingement on a legally-recognized interest that is concrete and particularized, actual or imminent, not conjectural or hypothetical. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). As noted above, many of the facts Nieman alleges have nothing to do with any injury he *personally* suffered: the injuries he alleges are primarily to other parties, like his children and the City of Stevens Point. Even if he had the right to bring suit on behalf of

these parties, he also fails to allege that the injuries are concrete, legally-recognized and actual, rather than hypothetical.

To the extent that Nieman *does* allege some personal injury, those allegations are so implausible and unsubstantial as to be meritless. For example, Nieman alleges that his children's mother has prevented him from seeing his children, but does not explain how that injury is attributable to any of the county or city officials he names as defendants except by inference that had they done their jobs better his children's mother would have been stopped. Nieman also alleges that "false reports are being created," but for the most part, he does not explain the subject, how the reports injure him, who is creating the reports, or anything else that would rise to the level of plausibility.[2] Similarly, Nieman alleges that he was prevented from becoming a fish and wildlife warden, but says nothing about who prevented this, how they did so, and why that potential career constitutes a legally-recognized interest. Finally, Nieman alleges that people from the Sheriff's Department have taken information from individuals claiming to be his wife and "used it against him," but offers no hint of what that information might be, how it has been used against him (and thus injured him), and what legally-recognized interest he might have in it.[3]

---

[2] In one of Nieman's exhibits, it appears that he may be referring to police reports that contributed to his allegedly unjust conviction and/or unfair sentence. (*See* Compl. Ex. (dkt. #1-2) 2, at ¶3; *id*. at 3, at ¶5.) Assuming Nieman intended to challenge either his conviction or sentence, he is barred from doing so by *Heck v. Humphrey* 512 U.S. 477 (1994), which holds that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87.

[3] One of Nieman's exhibits states that his sister, Tammy Barnes, is the individual who was pretending to be Nieman's wife, and that she made various false reports and sabotaged his

Even if Nieman had alleged enough facts to establish standing to pursue some cognizable claim against one or more of the defendants, his complaint would still be fundamentally flawed by its failure to provide *any* basis for this court to exercise subject matter jurisdiction over the dispute. Federal courts are courts of limited jurisdiction. *Evers v. Astrue*, 536 F.3d 651, 657 (7th Cir. 2008). This means they can only hear the cases Congress has given them the power to hear, like (1) cases arising under the Constitution or federal law, 28 U.S.C. § 1331, or (2) cases involving state law claims where there is complete diversity of citizenship between the parties, 28 U.S.C. § 1332, *and* more than $75,000 in controversy. Here, Nieman alleges neither. On the contrary, there appears no diversity between the citizenship of the plaintiff and any of the defendants. Moreover, most of the claims appear to arise under allegations of breach of state law. Finally, Nieman alleges no discernable violations of federal law, whether statutory or constitutional.

ORDER

IT IS ORDERED that plaintiff Michael A. Nieman's claims are DISMISSED for lack of subject matter jurisdiction.

Entered this 29th day of April, 2014.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge

---

legal proceedings. Barnes is not named as a defendant, however, and it is unclear why Portage County would be liable for Barnes' actions.